UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| CB&I AREVA MOX SERVICES, LLC ) | Civil Action No. 1:18-00052-TLW |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | **ANSWER TO FIRST AMENDED** |
| ) | **COMPLAINT** |
| FLANDERS CORPORATION, ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

Defendant Flanders Corporation ("Defendant"), by counsel, states for its Answer to Plaintiff CB&I AREVA MOX Services, LLC's ("Plaintiff") First Amended Complaint as follows:

1. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint and, therefore, denies them.

2. Defendant admits the allegations in paragraph 2 of the Amended Complaint.

3. Defendant admits the allegations in paragraph 3 of the Amended Complaint.

4. Defendant states that the allegations in paragraph 4 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent that there are factual allegations contained in paragraph 4 of the Amended Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint and, therefore, denies them.

5. Defendant states that the allegations in paragraph 5 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent that there are factual allegations contained in paragraph 5 of the Amended Complaint, Defendant is without

1

information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint and, therefore, denies them.

6. Defendant states that the allegations in paragraph 6 of the Amended Complaint do not necessitate a response. To the extent that there are factual allegations contained in paragraph 6 of the Amended Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint and, therefore, denies them.

7. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint and, therefore, denies them.

8. Defendant admits the allegations in paragraph 8 of the Amended Complaint.

9. With respect to the allegations in paragraph 9 of the Amended Complaint, Defendant states that the referenced document speaks for itself. Defendant denies any allegations in paragraph 9 of the Amended Complaint not specifically admitted.

10. Defendant admits the allegations in paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations in paragraph 11 of the Amended Complaint.

12. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint and, therefore, denies them.

13. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint and, therefore, denies them.

14.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint and, therefore, denies them.

15.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint and, therefore, denies them.

16.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint and, therefore, denies them.

17.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint and, therefore, denies them.

18.     With respect to the allegations in paragraph 18 of the Amended Complaint, Defendant denies that Defendant delayed work on TOR 001.  With respect to the remaining allegations in paragraph 18 of the Amended Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies them.

19.     With respect to the allegations in paragraph 19 of the Amended Complaint, Defendant admits that the referenced gloveboxes were delivered to Plaintiff.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Amended Complaint and, therefore, denies them.

20. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint and, therefore, denies them.

21. With respect to the allegations in paragraph 21 of the Amended Complaint, Defendant admits that it entered into a written contract with Plaintiff on or about January 7, 2014 entitled "Modification of Subcontract/Agreement, Modification 16" and states that the contract is a written document that speaks for itself. Any attempt by Plaintiff to characterize that contract beyond its terms is denied.

22. With respect to the allegations in paragraph 22 of the Amended Complaint, Defendant states that the relevant contract is a written document that speaks for itself. Any attempt by Plaintiff to characterize that contract beyond its terms is denied.

23. With respect to the allegations in paragraph 23 of the Amended Complaint, Defendant states that the relevant contract is a written document that speaks for itself. Any attempt by Plaintiff to characterize that contract beyond its terms is denied.

24. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint and, therefore, denies them.

25. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint and, therefore, denies them.

26. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint and, therefore, denies them.

27. Defendant denies the allegations in paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations in paragraph 28 of the Amended Complaint.

29. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint and, therefore, denies them.

30. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint and, therefore, denies them.

31. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint and, therefore, denies them.

32. With respect to the allegations in paragraph 32 of the Amended Complaint, Defendant admits that Defendant received a letter from Plaintiff, dated September 8, 2015, and states that the letter is a written document that speaks for itself. Any attempt by Plaintiff to characterize that letter beyond its terms is denied. Defendant denies any allegations in paragraph 32 of the Amended Complaint not specifically admitted.

33. Defendant denies the allegations in paragraph 33 of the Amended Complaint.

34. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Amended Complaint and, therefore, denies them.

35. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint and, therefore, denies them.

36. With respect to the allegations in paragraph 36 of the Amended Complaint, Defendant admits that Defendant received a letter from Plaintiff, dated March 23, 2016, and states that the letter is a written document that speaks for itself. Any attempt by Plaintiff to characterize that letter beyond its terms is denied. Defendant denies any allegations in paragraph 36 of the Amended Complaint not specifically admitted.

37. With respect to the allegations in paragraph 37 of the Amended Complaint, Defendant admits that Defendant sent a letter to Plaintiff, dated April 5, 2016, and states that the letter is a written document that speaks for itself. Any attempt by Plaintiff to characterize that letter beyond its terms is denied. Defendant denies any allegations in paragraph 37 of the Amended Complaint not specifically admitted.

38. Defendant denies the allegations in paragraph 38 of the Amended Complaint.

39. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Amended Complaint and, therefore, denies them.

40. Defendant denies the allegations in paragraph 40 of the Amended Complaint.

41. With respect to the allegations in paragraph 41 of the Amended Complaint, Defendant admits that Plaintiff paid Defendant in excess of $1.6 million for the NBX/NBY Gloveboxes. Defendant denies any allegations in paragraph 41 of the Amended Complaint not specifically admitted.

42. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint and, therefore, denies them.

43. Defendant denies the allegations in paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations in paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations in paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations in paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations in paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations in paragraph 48 of the Amended Complaint.

49. For its response to the allegations in paragraph 49 of the Amended Complaint, Defendant restates and incorporates by reference its preceding responses as if set forth fully herein.

50. Defendant states that the allegations in paragraph 50 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent that there are factual allegations contained in paragraph 50 of the Amended Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint and, therefore, denies them.

51. Defendant denies the allegations in paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations in paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations in paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations in paragraph 54 of the Amended Complaint.

55. Defendant denies the allegations in paragraph 55 of the Amended Complaint.

56. Defendant denies the allegations in paragraph 56 of the Amended Complaint.

57. Defendant denies the allegations in paragraph 57 of the Amended Complaint.

58. For its response to the allegations in paragraph 58 of the Amended Complaint, Defendant restates and incorporates by reference its preceding responses as if set forth fully herein.

59. With respect to the allegations in paragraph 59 of the Amended Complaint, Defendant states that the referenced document speaks for itself. Any attempt by Plaintiff to characterize that document beyond its terms is denied.

60. With respect to the allegations in paragraph 60 of the Amended Complaint, Defendant states that the referenced document speaks for itself. Any attempt by Plaintiff to characterize that document beyond its terms is denied.

61. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Amended Complaint and, therefore, denies them.

62. Defendant denies the allegations in paragraph 62 of the Amended Complaint.

63. Defendant denies the allegations in paragraph 63 of the Amended Complaint.

64. Defendant denies the allegations in paragraph 64 of the Amended Complaint.

65. Defendant denies the allegations in paragraph 65 of the Amended Complaint.

66. Defendant denies the allegations in paragraph 66 of the Amended Complaint.

67. With respect to the allegations in paragraph 67 of the Amended Complaint, Defendant states that the referenced document speaks for itself. Any attempt by Plaintiff to characterize that document beyond its terms is denied.

68. Defendant denies the allegations in paragraph 68 of the Amended Complaint.

69. Defendant denies the allegations in paragraph 69 of the Amended Complaint.

70. Defendant denies the allegations in paragraph 70 of the Amended Complaint.

71. Defendant denies the allegations in paragraph 71 of the Amended Complaint.

72. Defendant denies the allegations in paragraph 72 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

At all times Defendant acted reasonably and in good faith.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by reason of Plaintiff's own conduct, including Plaintiff's comparative or contributory negligence.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statutes of limitations, accord and satisfaction, estoppel, failure of consideration, laches, payment, release, the statute of frauds, unclean hands, and waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff has failed to mitigate its alleged damages.

**WHEREFORE**, Defendant, having answered the Amended Complaint, respectfully demands a trial on all issues so triable; that the Amended Complaint be dismissed with prejudice; that Defendant recover its costs herein expended, including attorneys' fees; and, that Defendant have all further relief to which it may be entitled.

Respectfully submitted,

s/ S. Keith Hutto
S. Keith Hutto (Fed. I.D. No. 2026)
E-Mail: keith.hutto@nelsonmullins.com
Patrick D. Quinn (Fed. I.D. No. 11937)
E-Mail: patrick.quinn@nelsonmullins.com
Nelson Mullins Riley & Scarborough, LLP
1320 Main Street / 17th Floor
P.O. Box 11070 (29211-1070)
Columbia, SC 29201
Telephone: (803) 799-2000

Douglas C. Ballantine (admitted *pro hac vice*)
Emily P. Mattingly (admitted *pro hac vice*)
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY  40202-2828
Telephone:  (502) 333-6000
Fax: (502) 333-6099

*Counsel for Defendant Flanders Corporation*